**SO ORDERED.**

**SIGNED this 14 day of February, 2013.**

*Stephani A. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **ARLETHEA VIRGINIA COLLINS** | 08-09456-8-SWH |
| DEBTOR | |

**ORDER REGARDING SOCIAL SECURITY ADMINISTRATION'S MOTIONS TO STAY AND RECONSIDER ORDER ASSESSING DAMAGES FOR VIOLATION OF DISCHARGE INJUNCTION**

The matters before the court are the motions filed by the Social Security Administration (the "SSA") to stay and to reconsider this court's order entered December 21, 2012, awarding the debtor damages for the SSA's violation of the discharge injunction. A hearing was held in Raleigh, North Carolina on January 16, 2013.

On August 3, 2011, the debtor was granted a discharge pursuant to 11 U.S.C. § 727. Over a period of approximately three months between July 20, 2012 and October 22, 2012, the SSA continued to garnish the debtor's wages despite the discharge injunction and repeated efforts by the debtor to prevent such garnishments. In response, the debtor reopened her bankruptcy case on October 22, 2012 and filed a motion seeking damages against the SSA for violation of the discharge

injunction (the "Motion for Damages"). A hearing was held on December 11, 2012, for which neither the SSA or its counsel appeared.

Upon conclusion of the hearing, the court awarded the debtor actual damages against the SSA in the amount of $2,078.23 for garnished wages, $2,500.00 for emotional distress and $3,038.00 for attorneys' fees. The emotional distress damages were awarded because the garnishments prevented the debtor from paying her rent, causing an ejectment judgment to be entered against her which resulted in significant mental anguish. The debtor appealed the ejectment judgment, and a hearing on the appeal was scheduled for January 3, 2013. The court directed the SSA to pay the damages within five days of the entry of its order or otherwise pay $100.00 per day until the damages were satisfied.

Upon the request of debtor's counsel, the court did not enter the order awarding damages until December 21, 2012 (the "December 21, 2012 Order"), in an effort to enable the SSA to comply with the time limitations imposed in the court's ruling.[1] On December 27, 2012, the SSA filed a motion requesting that the court stay the December 21, 2012 Order with respect to the $100.00 per day penalty only until January 7, 2013. The following day an order was entered granting the SSA's motion to stay based upon representations made by the SSA that it had already fully refunded the garnished wages but needed more time to address the remaining damages awarded to the debtor, i.e., the emotional damages and attorneys' fees. On December 31, 2012, however, debtor's counsel filed a response opposing the stay and asserting that the debtor in fact had not been refunded all of her

---

[1]The debtor's request to delay entry of the December 21, 2012 Order was made to accommodate the SSA, who, after learning of the court's ruling, asked debtor's counsel to make the request.

garnished wages. Accordingly, the court scheduled a hearing for January 16, 2013 to resolve the issues concerning the December 21, 2012 Order.

On January 7, 2013, the SSA filed another motion for the court to reconsider the December 21, 2012 Order with respect to its award of $2,500.00 in actual damages for emotional distress. In its motion, the SSA argued that the court cannot award emotional distress damages pursuant to its powers under 11 U.S.C. § 105 in a civil contempt case and, alternatively, cannot order the United States to pay emotional distress damages based on a violation of the discharge injunction because of sovereign immunity. Both the motion to reconsider the emotional distress portion of the December 21, 21 Order and the motion to stay that order were scheduled for hearing on January 16, 2013.

During that hearing, the time line of events taking place regarding the SSA's compliance with the December 21, 2012 Order became clear. Evidently, the SSA did not begin the process of refunding the garnished wages until sometime after it became aware of the court's ruling on December 12, 2012. Specifically, as alleged by the SSA, the wage garnishments were transmitted to the debtor in portions over a period between December 17, 2012 and December 24, 2012. However, because of alleged processing delays, including SSA's assertion that the funds were transferred to a prior bank account of the debtor's that no longer existed, the full amount of the refund was not received by the debtor until January 4, 2013. The attorneys' fees were not transferred by the SSA until January 3, 2013 and were not received by the debtor until sometime thereafter.

Unfortunately, because the debtor did not receive the full amount of the refund until January 4, 2013, she incurred additional costs associated with her summary ejectment appeal hearing that

occurred on January 3, 2013. These costs included $150.00 for a pay day loan she took out to ensure full repayment of her rent prior to the date of appeal, $126.00 in court costs, $59.10 for late fees, and $50.00 for her landlord's attorneys' fee, for a total cost of $235.10. See Declaration of Debtor (Doc. Entry No. 130). The debtor also incurred additional attorneys' fees in the amount of $527.00 for representation related to the appeal and $902.00 for representation related to the January 16, 2013 hearing. See Attorney Fee Affidavit (Doc. Entry No. 129).

The issues before the court, therefore, are (1) whether the court should reconsider the December 21, 2012 Order solely with regard to the award of emotional distress damages and (2) whether the debtor is entitled to recover from the SSA those additional costs she incurred because of the SSA's continued delay in refunding the wage garnishments.

In the Fourth Circuit, Rule 59(e) (made applicable to this bankruptcy proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure) has been interpreted as allowing "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), cert. denied, 525 U.S. 1104, 119 S. Ct. 869, 142 L. Ed. 2d 771 (1999). "Reconsideration of a judgment is 'an extraordinary remedy which should be used sparingly.'" In re Bell, 2010 Bankr. LEXIS 2743, at *1-2 (Bankr. E.D.N.C. Sept. 3, 2010) (quoting Pacific Ins. Co., 148 F.3d at 403). "A motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard." Id.

In its motion to reconsider, the SSA argues in part that the debtor's Motion for Damages did not specifically seek emotional distress damages, and therefore the SSA was unaware that such

damages would be requested during the hearing.  Had it been aware of the debtor's intention to seek such damages, as the SSA contends, it would have opposed this award.  As recognized by the SSA, however, the Motion for Damages explicitly sought damages for the garnished wages, for attorneys' fees, for the costs associated with the action and for "such other and further relief as is just and equitable."  As provided in the December 21, 2012 Order, the court clearly found that $2,500 in emotional distress damages was fair and equitable.  The SSA would have been aware of the debtor's intention to seek these damages, and would have been able to oppose such damages, had it or its counsel simply shown up for the hearing on December 11, 2012.  It chose not to, however, and this cannot now be used as a basis for the court to reconsider its December 21, 2012 Order.

The SSA also argues that the bankruptcy court cannot award emotional distress damages as the result of a violation of the discharge injunction, citing to In re Walters, 868 F.2d 665 (4th Cir. 1989).  In Walters, the court held that emotional distress was not an appropriate item of damages for civil contempt.  868 F.2d 670.  Whether the decision in Walters bars emotional distress damages for violations of the discharge injunction, at least in the Fourth Circuit, is unsettled.  See Erhart v. Fina (In re Fina), 2012 U.S. Dist. LEXIS 163855, at *30-31 (E.D. Va. Nov. 14, 2012) ("Whether pain and suffering and emotional distress damages are recoverable in the Fourth Circuit for discharge injunction violations is unclear.").  In Fina, the district court stated that whether emotional distress damages are available for a violation of the discharge injunction depends on whether the violation is viewed as a civil contempt proceeding or instead more similar to a violation of the automatic stay.  Id.  If it is a civil contempt proceeding, emotional distress damages are not available, but if it is seen as the functional equivalent of a stay violation, such damages are permitted if proven.  Id.

Although the uncertainty expressed by the district court in Fina is certainly justified, many courts within the Fourth Circuit, including this court, have characterized a discharge violation as a civil contempt proceeding. See In re Mead, 2012 Bankr. LEXIS 714, at *5-6 (Bankr. E.D.N.C. Feb. 24, 2012); Malone v. Golden (In re Malone), 2012 Bankr. LEXIS 207, at *24 (Bankr. W.D.N.C. Jan. 19, 2012); Pague v. Harshman (In re Pague), 2010 Bankr. LEXIS 912, at *20-21 (Bankr. N.D. W. Va. Apr. 5, 2010); Workman v. GMAC Mortgage, LLC (In re Workman), 392 B.R. 189, 193-195 (Bankr. D.S.C. 2007); In re Rudy, 2005 Bankr. LEXIS 2834, at *16-17 (Bankr. E.D. Va. 2005); In re Bock, 297 B.R. 22, 28-29 (Bankr. W.D.N.C. 2001); Cherry v. Arendall (In re Cherry), 247 B.R. 176, 186-87 (Bankr. E.D. Va. 2000). As a civil contempt proceeding, emotional distress damages are not recoverable in the Fourth Circuit pursuant to Walters. Therefore, the December 21, 2012 Order is vacated solely with respect to the $2,500 in emotional distress damages awarded to the debtor against the SSA.

The debtor is, however, entitled to an award for the additional damages she suffered related to the summary ejectment appeal. As the previously cited cases explain, courts are empowered under 11 U.S.C. § 105(a) to sanction violations of the discharge injunction, which may include "actual damages, attorney's fees and, when appropriate, punitive damages." In re Mead, 2012 Bankr. LEXIS 714, at *12-13 (quoting In re Cherry, 247 B.R. at 187). The damages incurred as a result of the summary ejectment appeal were directly caused by the SSA's violation of the discharge injunction and its delayed response in refunding the garnished wages to the debtor. These damages include the $235.10 in costs and $527.00 in attorneys' fees for representation related to the appeal. The $902.00 in additional attorneys' fees were for representation relating to the January 16, 2013 hearing. See Attorney Fee Affidavit (Doc. Entry No. 129). Because some portion of those fees

relates to a defense of SSA's motion to reconsider which has been granted, the debtor is not entitled to reimbursement for all of those fees. The court will only allow the sum of $451.50 of the fees incurred for the January 16, 2013 hearing.

Based on the foregoing, the SSA's motion for the court to reconsider its December 21, 2012 Order regarding the award of emotional damages is **GRANTED**. The award of such damages is vacated. However, pursuant to 11 U.S.C. § 105(a), the court hereby directs the SSA to compensate the debtor in the amount of $235.10 for actual damages suffered, $537.00 in attorneys' fees relating to the summary ejectment appeal, and $450.50 in attorneys' fees relating to the January 16, 2013 hearing, all of which must be paid to debtor's counsel by February 25, 2013. A penalty of $500 per day will be imposed for each day that the actual damages are not paid in full. The $500 penalty for noncompliance with the court's order is intended as a type of non-compensatory coercive civil contempt sanction, as opposed to punitive damages. See Duby v. U.S. (In re Duby), 451 B.R. 664, 678 (1st Cir. BAP 2011) (discussing difference between punitive sanctions, which are barred by sovereign immunity, and non-compensatory coercive civil contempt sanctions).

**SO ORDERED**.

**END OF DOCUMENT**